**PROPERTY TAX ADMINISTRATOR, Respondent–Appellant,**

v.

**BOARD OF ASSESSMENT APPEALS, Production Geophysical Services, Inc., Petitioners–Appellees.**

**No. 91CA0148.**

Colorado Court of Appeals, Div. III.

March 26, 1992.

Rehearing Denied April 30, 1992.

Certiorari Denied Oct. 13, 1992.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., David C. Feola, Asst. Atty. Gen., Denver, for respondent-appellant.

Linnea M. Simons, Boulder, for petitioner-appellee Production Geophysical Services, Inc.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Eugene C. Cavaliere, Asst. Atty. Gen., Denver, for petitioner-appellee Bd. of Assessment Appeals.

Opinion by Judge JONES.

Respondent, the Property Tax Administrator for the State of Colorado (Administrator), appeals the order of petitioner, the Colorado State Board of Assessment Appeals (Board), granting an abatement petition for property taxes paid on personal property by petitioner, Production Geophysical Services, Inc. (taxpayer). The Administrator's primary contention on appeal is that, because taxpayer failed to submit a tax declaration schedule pursuant to § 39-5-118, C.R.S. (1985 Repl.Vol. 16B) the Board was precluded from reversing the Administrator's denial of a tax abatement and, thereafter, the Board was without authority to grant an abatement pursuant to Colorado's statutory abatement provisions. We disagree with the Administrator and affirm the Board's order.

Following taxpayer's purchase of a company in September 1988, the Arapahoe County assessor sent it a property declaration schedule, concerning the new acquisition, which taxpayer received but did not return. The assessor, therefore, referred to the 1988 personal property valuation submitted by the preceding owner of the purchased company, and used an industry growth rate to compute the 1989 personal property valuation of taxpayer relative to the purchased company. The assessor then sent taxpayer a notice of personal property valuation for 1989, which also advised the company of its right to protest the valuation within the requisite statutory deadlines.

Taxpayer did not protest the property valuation but, thereafter, calculated that the 1988 value of the purchased company's assets should have been substantially less than that reflected in the assessor's rec-

ords. On May 21, 1990, taxpayer petitioned the Arapahoe County Commissioners for abatement of its 1989 personal property taxes. The Commissioners granted that abatement petition on July 11, 1990, based on their finding that the 1989 personal property taxes had been "erroneously or illegally levied pursuant to [§§] 39–1–113 and 39–10–114 [of the Colorado statutes]."

The Commissioners submitted taxpayer's petition for review to the Property Tax Administrator, who denied the petition on August 1, 1990. The Administrator's denial stated that because taxpayer had failed to file a property schedule or protest its property valuation, it had waived its administrative remedies pursuant to § 39–5–118, C.R.S. (1985 Repl.Vol. 16B). Taxpayer subsequently filed its petition for abatement with the Board of Assessment Appeals, which entered an order on December 17, 1990, reversing the decision of the Administrator on the grounds that the Commissioners had properly granted the original abatement petition. This appeal by the Administrator followed.

### I.

■ Initially, petitioners contend that the Administrator has no standing to appeal an order of the Board. The Administrator contends that standing has been statutorily conferred by the amended provisions of the Colorado abatement statute. We agree with the Administrator.

In its 1990 session, the General Assembly amended § 39–10–114.5 by adding a section, which became effective on June 9, 1990, containing an explicit right for judicial review of Board decisions, as follows:

If the decision of the board is against the respondent, the respondent, upon the recommendation of the board that it either is a matter of statewide concern or has resulted in a significant decrease in the total valuation for assessment of the county wherein the property is located, may petition the court of appeals for judicial review according to the Colorado appellate rules and the provisions of section 24–4–106(9), C.R.S. *In addition, if the decision of the board is against the*

*respondent, the respondent may petition the court of appeals for judicial review of alleged procedural errors or errors of law when the respondent alleges procedural errors or errors of law by the board of assessment appeals.* If the board does not recommend its decision to be a matter of statewide concern or to have resulted in a significant decrease in the total valuation for assessment of the county in which the property is located, the respondent may petition the court of appeals for judicial review of such questions.

Colo.Sess.Laws 1990, ch. 277, § 39–10–114.-5(2) at 1695 (emphasis added).

For purposes of an Administrator's appeal pursuant to § 39–10–114.5, the Administrator is a "respondent." *See Maurer v. Young Life,* 779 P.2d 1317 (Colo.1989). The statute creates the express authority for the Administrator's appeal in this judicial forum, "when [the Administrator] alleges procedural errors or errors of law by the board of assessment appeals." The Administrator has, indeed, alleged such in this instance. *Maurer v. Young Life, supra* (Administrator's standing to seek review present in analogous circumstances).

Because the petition for abatement in the instant case was filed with the Board on September 4, 1990, and the provisions conferring the Administrator's standing had previously become effective June 9, 1990, we conclude that the Administrator has standing, here, to appeal the Board's order pursuant to § 39–10–114.5(2), C.R.S. (1991 Cum.Supp.).

### II.

On appeal, the Administrator contends that the Board committed both procedural errors and errors of law in the course of reversing the Administrator's denial of the requested tax abatement and in granting that abatement. We do not agree.

### A.

■ The Administrator asserts that the Board erred procedurally because it failed to conduct a *de novo* review of the taxpay-

er's abatement petition, which she argues is required pursuant to § 39–2–125, C.R.S. (1982 Repl.Vol. 16B). Petitioners maintain that the Board properly conducted a *de novo* review of the abatement petition and additionally assert that such a review is not statutorily mandated. We agree with petitioners.

Section 39–2–125 defines the duties of the Board of Assessment Appeals. Specifically, this section requires that the Board "[h]ear appeals from orders and decisions of the property tax administrator," and further necessitates that "[s]uch hearings shall include evidence as to the rationale of such order or decision and the detailed data in support thereof." Section 39–2–125(1)(b)(I) and (II), C.R.S. (1982 Repl.Vol. 16B).

The scope of the Board's review pursuant to these statutory provisions was addressed in *Board of Assessment Appeals v. Valley Country Club*, 792 P.2d 299 (Colo.1990), wherein the supreme court held that this statute does not limit the Board to a review of the Administrator's order and the evidence supporting such order. Instead, the *Valley Country Club* court concluded that the statute confers upon the Board the power to conduct evidentiary hearings and such hearings *may* also be *de novo* hearings on the merits.

Here, the Administrator's denial of the taxpayer's abatement petition was based on the Administrator's legal interpretation of the effect of § 39–5–118, C.R.S. (1982 Repl.Vol. 16B). The record reflects that the Board properly conducted an evidentiary hearing which examined the validity of the Administrator's legal interpretation of this provision. Thus, the Board has complied with the statute's procedural mandates.

## B.

■ The Administrator also contends that the Board committed an error of law by utilizing § 39–10–114 as a basis for granting the abatement petition. She argues that the failure of taxpayer to comply with the procedures for filing and appealing its property valuation pursuant to § 39–5–118, C.R.S. (1982 Repl.Vol. 16B) bars it from applying a remedy otherwise available under § 39–10–114. Petitioners respond, and we agree, that the Board properly determined that a tax abatement was available under the substantive provisions of § 39–10–114, despite taxpayer's inadequate compliance with the procedural requirements of § 39–5–118.

The Administrator argues that § 39–5–118 precludes the Board from having authority to invalidate an assessor's valuation of personal property when a taxpayer fails to furnish or receive a personal property schedule. Section 39–5–118 provides as follows:

No determination of the actual value of any taxable personal property made by the assessor shall be rendered invalid *by reason* of his failure to secure or receive the personal property schedule required to be completed and returned to him prior to his determination of such value. (emphasis added)

■ If the language of a statute is plain and its meaning clear, it must be applied as written. *In re Estate of David*, 776 P.2d 813 (Colo.1989). The language of this statute reveals that its purpose is to prevent invalidation of an assessment solely on the grounds, or "by reason," that a taxpayer has failed to return a property schedule or if, for any other reason, the assessor has failed to receive the schedule. The record, here, indicates that the Board's abatement of taxpayer's taxes was not based on its failure to return its property schedule or "by reason of [the assessor's] failure to secure or recover the personal property schedule."

Rather, the Board conducted an evidentiary hearing pursuant to its authority under § 39–2–125(1)(b), which focused on the validity of the Assessor's rationale for denying the abatement petition. Following the hearing, the Board issued an order stating that the Assessor's reason for denying the petition pursuant to § 39–5–118 was neither applicable nor controlling when the abatement petition was granted, not by any reason under § 39–5–118, but because the evidence demonstrated that the taxes

were "erroneously or illegally levied" pursuant to § 39–10–114.

Thus, the Board's reason to abate the taxes in question was not "by reason of" taxpayer's failure to return the property schedule. Therefore, the Board correctly determined that the provisions of § 39–5–118 were not applicable to this action and, hence, could not prevent the application of § 39–10–114 to provide tax abatement relief.

## C.

■ Additionally, the Administrator argues that the Board erred by granting the taxpayer's abatement petition pursuant to Colo.Sess. Laws 1989, ch. 324, § 39–10–114(1)(a)(I)(A) at 1459, because taxpayer has not satisfied any of the three enumerated grounds for abatement. We conclude that, in amending this statute, the General Assembly desired that abatements be available when personal property has been overvalued.

Colo.Sess.Laws 1989, ch. 324, § 39–10–114(1)(a)(I)(A) at 1459, in effect when the Board conducted its hearing, provides:

If taxes have been levied erroneously or illegally, whether due to erroneous valuation for assessment, irregularity in levying, or clerical error, the treasurer shall report the amount thereof to the board of county commissioners, which shall proceed to abate such taxes in the manner provided by law.

Using the rubric presented in *5050 S. Broadway Corp. v. Arapahoe County Board of Commissioners,* 815 P.2d 966 (Colo.App.1991), the Administrator argues that this statute is not available as a basis for abatement of overvalued personal property taxes because the grounds for appeal, under the statute, do not include overvaluation.

However, when the General Assembly amended § 39–10–114(1)(a)(I)(A) in 1991, it also declared its intent to clarify that the court's interpretation of the statute in the *5050 S. Broadway* case was incorrect. The General Assembly declared that it was amending the statute "with the intent of

extending to any taxpayer the right to petition for an abatement or refund of property taxes levied erroneously or illegally due to an overvaluation of such taxpayer's property," and further declared that "said right has existed since the enactment [of the bill] and shall continue to exist." Colo. Sess. Laws 1991, ch. 309, § 1 at 1962; *Portofino Corp. v. Board of Assessment Appeals,* 820 P.2d 1157 (Colo.App.1991).

Furthermore, the General Assembly amended § 39–10–114(1)(a)(I)(D) to apply its amendments to subparagraph (I)(A) retroactively to all petitions for abatement or refund of taxes levied on or after January 1, 1988, but prior to January 1, 1990, when the petitions were denied on the grounds that overvaluation was not a ground for abatement or refund of taxes. This amendment provides as follows:

(D) An abatement or refund of taxes based upon the grounds of overvaluation of property shall be made only for taxes levied on or after January 1, 1988. With regard to petitions filed prior to June 5, 1991, *an abatement or refund may be made* pursuant to this section *if, on June 5, 1991,* such petition is pending or upon which a *final administrative order or court judgment has been issued on the grounds that overvaluation of property was not grounds for an abatement or refund of taxes.* With regard to petitions which have been denied on such grounds, petitions for abatement or refund of taxes may be refiled pursuant to this sub-subparagraph (D) on or before December 31, 1991. No abatement or refund of taxes levied on and after January 1, 1990, shall be made based upon the ground of overvaluation of property if an objection or protest to such valuation has been made and a notice of determination has been mailed to the taxpayer pursuant to section 39–5–122.

Section 39–10–114(1)(a)(I)(D), C.R.S. (1991 Cum.Supp.) (emphasis added).

Here, a final administrative order was issued on the specific grounds that overvaluation of property was not the basis for an abatement or refund of taxes. Thus, pur-

suant to § 39–10–114(1)(a)(I)(D), "an abatement ... may be made."

Hence, we find no error in the Board's grant of taxpayer's abatement pursuant to Colorado's statutory abatement provisions.

The order of the Board is affirmed.

METZGER and RULAND, JJ., concur.